# Illinois Official Reports

## Appellate Court

*Nizamuddin v. Community Education in Excellence, Inc.*, 2013 IL App (2d) 131230

| | |
|---|---|
| Appellate Court Caption | NADEEM NIZAMUDDIN, Plaintiff-Appellee, v. COMMUNITY EDUCATION IN EXCELLENCE, INC., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-1230 |
| Filed | December 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant private school's appeal from a temporary restraining order staying plaintiff's expulsion pending a hearing on plaintiff's request for a preliminary injunction was dismissed due to defendant's violation of Supreme Court Rule 307(d) governing such appeals, since defendant, on the required filing date, filed a notice of appeal in the circuit court, then mailed its notice, petition for review, supporting memorandum of law and proof of service by mail to plaintiff and the appellate court, but these items were not filed in the appellate court, as required by Rule 307, thereby depriving the appellate court of jurisdiction, and defendant's filing could not be saved by the "mailbox rule" when the appellate court did not receive anything until after the two-day deadline had passed, especially in view of the special deadlines applicable to TRO appeals; furthermore, defendant failed to provide proof of service by personal delivery or facsimile service and plaintiff's counsel received the petition and memorandum by mail late on the day before he had to file his response. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 13-CH-3252; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Ausaf Farooqi, of DuPage Attorneys, LLC, of Oak Brook, for
appellant.

Edward X. Clinton, of Clinton Law Firm, of Chicago, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with
opinion.
Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    On November 22, 2013, the circuit court of Du Page County entered a temporary restraining order (TRO) requiring the defendant, Community Education in Excellence, Inc., the operator of a private school, to stay the expulsion of the plaintiff, Nadeem Nizamuddin, a student at the school. The TRO was to remain in effect until a hearing on the plaintiff's request for a preliminary injunction could be held.

¶ 2    Wishing to appeal the trial court's grant of the TRO, on November 25, 2013, the defendant filed a notice of appeal in the circuit court. It then mailed–to both this court and the plaintiff–copies of: (1) the notice of appeal, (2) its petition for review, (3) its memorandum of law in support of its petition, and (4) a proof of service for all of these items, stating that they had been served upon the plaintiff by being placed in the regular United States mail with proper postage prepaid. We dismissed the appeal on December 2, 2013. We now issue this opinion to explain why.

¶ 3    Illinois Supreme Court Rule 307 (eff. Feb. 26, 2010) permits an interlocutory appeal as of right from an order granting a TRO. Such appeals are highly expedited and are governed by subsection (d) of the rule, which states in pertinent part:

"[R]eview of the granting or denial of a temporary restraining order *** shall be by petition filed in the Appellate Court, but notice of interlocutory appeal as provided in paragraph (a) shall also be filed, within the same time for filing the petition. The petition shall be in writing, state the relief requested and the grounds for the relief requested, and shall be filed in the Appellate Court, with proof of personal service or facsimile service as provided in Rule 11, within two days of the entry or denial of the order from which review is being sought." Ill. S. Ct. R. 307(d)(1) (eff. Feb. 26, 2010).

Any legal memorandum in support of the appellant's petition must be filed at the same time. The appellee then has two days to file a responsive memorandum. Ill. S. Ct. R. 307(d)(2) (eff. Feb. 26, 2010). The reviewing court must decide the appeal within five days of the date on which the response was due. Ill. S. Ct. R. 307(d)(4) (eff. Feb. 26, 2010).

¶ 4    Here, the defendant violated Rule 307(d) in several ways. The rule required the defendant to file, *in the appellate court*, the notice of interlocutory appeal, petition, and memorandum in

support of the petition by Monday, November 25. The defendant filed none of these items with us, however, choosing instead to file the notice of interlocutory appeal with the circuit court on that date and then mail its documents to us via regular mail. We did not receive the defendant's mailed documents until November 26, outside of the two-day window.

¶ 5 We are of the opinion that the defendant's failure to file the notice of appeal in this court within the two-day period deprived us of jurisdiction over the appeal. The filing of a notice of appeal, in the correct court, is what confers jurisdiction over the appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (an appeal "is initiated by filing a notice of appeal"; "[n]o other step is jurisdictional"); see also *First Bank v. Phillips*, 379 Ill. App. 3d 186, 188 (2008) (appellate court had no power to hear appeal when the notice of appeal was mistakenly filed in the appellate court instead of the circuit court; Rule 303, under which the appeal was brought, provided that the notice of appeal must be filed in the circuit court).

¶ 6 In this case, Rule 307(d) clearly specifies that review of a TRO is commenced by a "petition filed *in the Appellate Court*" within two days of the entry of the order being appealed, and that a notice of interlocutory appeal "shall also be filed" within the same time period. (Emphasis added.) Ill. S. Ct. R. 307(d) (eff. Feb. 26, 2010). Although the rule does not state point-blank that the notice of interlocutory appeal must be filed in the appellate court, for decades the rule has been interpreted to mean this. See *Harper v. Missouri Pacific R.R. Co.*, 264 Ill. App. 3d 238, 244 (1994) (under the rule, an "aggrieved party has two days to file its notice of interlocutory appeal and petition in the appellate court"); see also *Bartlow v. Shannon*, 399 Ill. App. 3d 560, 563 (2010) (to appeal an order granting or denying a TRO, the appellant must file a notice of appeal and a petition with the appellate court within two days). Further, to the extent that the language of the rule could be considered ambiguous, we must construe it to avoid absurd results. *In re B.C.P.*, 2013 IL 113908, ¶ 7 ("the same rules apply to the construction of statutes and supreme court rules"); *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010) (in construing a statute, courts may consider the consequences of various constructions and must presume that absurd, inconvenient, or unjust consequences were not intended). It would make no sense to impose a highly expedited filing deadline that required documents essential to the appeal–the petition and the notice of interlocutory appeal–to be filed, within 48 hours, in two different courts. Accordingly, we read Rule 307(d)(1) as requiring the notice of interlocutory appeal, like the petition, to be filed in the appellate court within the required time. Hence, the defendant's filing of the notice of appeal in the circuit court did not comply with Rule 307(d) and did not create jurisdiction over the appeal.

¶ 7 Nor can the appeal be saved by the fact that the defendant mailed the necessary documents to us for filing, because those documents were not received until after the two-day deadline had passed. Given the highly expedited nature of TRO appeals brought under Rule 307(d), the "mailbox rule" contained in Illinois Supreme Court Rule 373 (eff. Dec. 29, 2009) does not apply to such appeals.

¶ 8 Rule 373 provides that, if received after the due date, "records, briefs or other papers required to be filed within a specified time" will be deemed filed in the reviewing court as of the date when they were either mailed or delivered to a third-party commercial carrier for

delivery within three business days. Ill. S. Ct. R. 373 (eff. Dec. 29, 2009). Rule 373 is a general rule, intended to provide a safe harbor making it "unnecessary for counsel to make sure that briefs and other papers mailed before the filing date actually reach the reviewing court within the time limit." Ill. S. Ct. R. 373, Committee Comments (rev. July 1, 1985). Our supreme court has stated that Rule 373 "evinces a general policy of equating mailing and filing dates, particularly with respect to appellate practice" (*Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 341 (1989)), and that "a liberal pro-mailing policy is more equitable" because it allows smaller law firms to file documents in the appellate courts as easily as large firms that have more resources for messengers and the like (*id*. at 342). The supreme court recently reiterated this pro-mailing position in *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 28.

¶ 9        We are not unmindful of the policy concerns expressed by the supreme court. Nevertheless, we believe that the liberal pro-mailing policy contained in Rule 373 is at odds with the tight deadlines of Rule 307(d). Indeed, applying the mailbox rule in the context of TRO appeals would lead to the practical evisceration of those deadlines, an absurd result.

¶ 10        As noted, Rule 307(d) sets extremely short filing deadlines for TRO appeals: the initial petition and accompanying materials must be filed in the appellate court within two days after the entry of the TRO-related order in the circuit court, and any response must be filed within two days after that. Ill. S. Ct. R. 307(d)(1), (d)(2) (eff. Feb. 26, 2010). The appellate court must then issue its decision within five days after the due date for the response–one week after the initial petition was filed. Ill. S. Ct. R. 307(d)(4) (eff. Feb. 26, 2010). Further, to ensure that the parties receive timely notice of each other's filings, the rule requires that the parties serve all materials upon each other in an expedited manner, either by personal delivery or by facsimile service. Ill. S. Ct. R. 307(d)(1), (d)(2) (eff. Feb. 26, 2010). These tight deadlines and extraordinary service requirements, which are unlike those for most civil appeals, are necessary in order to achieve the purpose of Rule 307(d), which is "to provide an expedited appeal process due to the nature of the temporary restraining order, an emergency remedy granted on a summary showing by the movant." *Friedman v. Thorson*, 303 Ill. App. 3d 131, 136 (1999).

¶ 11        If the mailbox rule were applied to the filing deadlines under Rule 307(d), the time when the notice of interlocutory appeal, the petition, and the response were received by the appellate court would be "subject to the vagaries of mail delivery," which would run counter to the goal of Rule 307(d). *Gruszeczka*, 2013 IL 114212, ¶ 52 (Freeman, J., dissenting, joined by Burke, J.). This possibility is shown to be even more absurd when it is compared to Rule 307(d)'s insistence that the parties serve all materials upon each other by either personal delivery or facsimile service. Interpreting the filing deadlines of Rule 307(d) as subject to the mailbox rule could easily result in the parties receiving prompt notice of each other's filings while the appellate court remains unaware even that such an appeal has been filed. Given that delays in mail delivery are not uncommon (see, *e.g.*, *id.* ¶ 10 (majority op.) (documents mailed by attorney not received by court clerk until four days later); *Holesinger v. Dubuque Feeder Pig Co.*, 104 Ill. App. 3d 39, 42 (1982) (notice of appeal mailed by attorney was not received by court clerk until one week later)), it is not farfetched to imagine that a TRO appeal could

- 4 -

commence and the reviewing court's time to issue a decision could begin running before it even became aware of the appeal's existence–when it happened to receive the appellant's materials in the mail. We do not think that, in creating Rules 307(d) and 373, the supreme court intended such an absurd result. Rather, we read the specialized filing deadlines of Rule 307(d) to control over the general mailbox rule of Rule 373. See *People v. Botruff*, 212 Ill. 2d 166, 175 (2004) (it is a "fundamental rule of statutory construction" that where there are two statutory provisions relating to the same subject, one of which is general and the other is specific, "the specific provision controls and should be applied"). Accordingly, we hold that the provisions of Rule 373 must yield to the more expedited requirements of Rule 307(d), and thus the mailbox rule does not apply to render this appeal timely. Where no timely notice of appeal has been filed, we lack jurisdiction and must dismiss the appeal. *Baca v. Trejo*, 388 Ill. App. 3d 193, 199 (2009).

¶ 12    Even if our lack of jurisdiction did not bar this appeal, the defendant's additional failures to comply with Rule 307(d) support the dismissal of the appeal. Apart from the defendant's failure to timely file a notice of interlocutory appeal in this court, it did not file a timely petition with us either. As we have held, Rule 373 has no application in the context of a TRO appeal, and thus the items mailed to us and received outside of the two-day deadline were not properly before us. As we received no timely petition pursuant to Rule 307(d), we could not consider the merits of the appeal. *In re Estate of Meirink*, 11 Ill. 2d 561, 564 (1957).

¶ 13    In addition, the defendant failed to include in its submission one of the items required by Rule 307(d): a proof of service by personal delivery or facsimile service. Instead, the defendant included only a proof of service by regular mail. This is not a method of service permitted in an appeal of a TRO under Rule 307(d), and so the proof of service did not meet the requirements of the rule. Because it lacked a proper proof of service, the defendant's submission was incomplete, thereby violating Rule 307(d)(1) in a third manner.

¶ 14    Finally, there is evidence that the defendant's improper service by mail caused prejudice to the plaintiff. In his motion to strike the petition, the plaintiff stated that his attorney did not receive copies of the defendant's petition and legal memorandum until about 3:45 p.m. on November 26, 2013. The plaintiff was required to file his response to the petition the next day; thus, the defendant's improper service by mail cost the plaintiff one of the two days available for drafting his response. An appeal may be dismissed where a delay in notice prejudices the opponent. *Cf. Kmoch v. Klein*, 214 Ill. App. 3d 185, 189 (1991) (where appellee was able to file responsive brief and did not demonstrate prejudice, reviewing court would not dismiss appeal on the basis that appellee was not timely served with notice of appeal or docketing statement).

¶ 15    It is well established that the supreme court rules "have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them the appeal will not be entertained." *Meirink*, 11 Ill. 2d at 564. For all of these reasons, the appeal was dismissed.

¶ 16    Appeal dismissed.