2022 IL App (2d) 220416-U
No. 2-22-0416
Order filed December 14, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* COMMITMENT OF FRANKIE WALKER, SR. | ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| | | No. 07-MR-152 |
| (The People of the State of Illinois, Petitioner-Appellee v. Frankie Walker, Respondent-Appellant). | ) ) ) | Honorable Jennifer Louise Johnson, Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court dismissed the appeal for lack of jurisdiction because respondent failed to comply with the requirements of the Illinois Supreme Court Rules.

¶ 2   Respondent, Frankie Walker, appeals from an order of the circuit court of Lake County striking his "Verified Petition for Temporary Restraining Order (TRO) and Temporary and Permanent Injunction and Declaratory Relief." The trial court determined that it lacked jurisdiction to consider the petition "due to the current pleading requesting the same relief that is requested in [r]espondent's appeal filed March 24, 2022, [which] is currently pending." For the reasons set forth below, we dismiss respondent's appeal for lack of appellate jurisdiction.

¶ 3                                  I. BACKGROUND

¶ 4 Respondent has appeared before this court multiple times. The following background is taken in part from our previous dispositions. In February 2007, the State filed a petition seeking respondent's commitment in accordance with the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2006)). *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 3. On July 8, 2008, the parties entered into a stipulation providing, *inter alia*, that respondent entered into the stipulation freely, voluntarily, and after consulting with counsel; that respondent waived his right to a trial; that respondent is a sexually violent person; and that respondent "is committed to the Department of Human Services [(Department)] for control, care and treatment in a secure setting until his dispositional hearing." *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶¶ 4-5. Based on the stipulation, the trial court found respondent to be a sexually violent person. *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 4. Respondent was committed to the custody of the Department. *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 5. A dispositional hearing was held in March 2013, after which the trial court found that respondent was in need of treatment and that the least restrictive environment for such treatment was secure detention. *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶¶ 8-14. On appeal, this court affirmed the trial court's decision. *In re Commitment of Walker*, 2014 IL App (2d) 130372.

¶ 5 Respondent was committed to the Department for institutional care in a secure facility until September 2019, when the trial court granted his request for conditional release. See 725 ILCS 207/60 (West 2018). In accordance with the Act, the trial court ordered the Department to prepare a conditional release plan to address respondent's needs, if any, for supervision, counseling, medication, community support services, residential services, vocational services, and alcohol or other drug abuse treatment. See 725 ILCS 207/40(b)(4), (b)(5), 60(f) (West 2018). The written plan drafted by the Department called for respondent's conditional release to be managed by the

Department and its contractor, Liberty Healthcare Corporation (Liberty). The conditional release plan consisted of 65 conditions of release, including the 28 conditions enumerated in section 40(b)(5) of the Act (725 ILCS 207/40(b)(5) (West 2018)). On September 10, 2019, the trial court approved the conditional release plan prepared by the Department. Except for a short period of time late in 2019 when respondent voluntarily returned to secure care, he has remained on conditional release and subject to the 2019 conditional release plan approved by the trial court.

¶ 6    In February 2022, following an annual reexamination of respondent pursuant to section 55(a) of the Act (725 ILCS 207/55(a) (West 2020)), the State filed a motion for a status hearing for the trial court to consider whether there was probable cause to believe that respondent was no longer a sexually violent person. On March 7, 2022, the trial court held a hearing on the State's motion, at which respondent represented himself. Following the parties' arguments, the trial court found no probable cause to believe that respondent is no longer a sexually violent person. Respondent filed a notice of appeal from the trial court's order of March 7, 2022. The appeal was docketed in this court as case No. 2-22-0102 and is currently in the briefing stage. In December 2022, respondent's appellate attorney filed a motion to supplement the record in case No. 2-22-0102 with "an 11-page 'Conditional Release Plan' with a 9-page 'Attachment A,' entered by the circuit court on September 10, 2019." The motion further asserted that respondent "intends to challenge the conditional release plan" in case No. 2-22-0102.

¶ 7    Meanwhile, on October 17, 2022, respondent filed *pro se* in the trial court a document titled "Verified Petition for Temporary Restraining Order (TRO) and Temporary and Permanent Injunction and Declaratory Relief" (Verified Petition). The Verified Petition purported to request a TRO under section 11-101 of the Code of Civil Procedure (Code) (735 ILCS 5/11-101 (West 2020)), temporary and permanent injunctions under section 11-102 of the Code (735 ILCS 5/11-

102 (West 2020)), and a declaratory judgment under section 2-701 of the Code (735 ILCS 5/2-701 (West 2020)). In the Verified Petition, respondent referred to the opinion of the concurring justice in *In re Commitment of Holt*, 2022 IL App (1st) 210402, ¶¶ 114-123 (Oden Johnson, J., concurring in part and dissenting in part), to argue that a sexually violent person on conditional release is entitled to an " 'individual plan' created *** especially *** for that particular person." Respondent complained that he had filed a motion in January 2020 raising the same objections to his conditional release plan as those raised in *Holt*, but, due to a "systematic denial of 'access to the courts,' " he "awaits" to present his arguments on appeal. Additionally, respondent argued that: (1) he was "entitled by law to release-discharge" pursuant to *Foucha v. Louisiana*, 504 U.S. 71 (1992), because the State's grounds for his confinement "no longer exist"; (2) the Department and Liberty are not complying with provisions of the Act; (3) while on conditional release, respondent has been unable to use the law library and has been denied " 'religious' practice," relationships with friends, family, and the opposite sex, employment, education, vocational training, internet access, and familiarization with modern technology; (4) the Department and Liberty have "attempt[ed] to 'coerce' [him] and control [his] speech, thought process and litigation, by use of a polygraph device"; and (5) there exists no statutory provision for a conditional release program in the Act.

¶ 8 Respondent's prayer for relief requested that the court: (1) direct the Department and Liberty "to comply with the [Act's] provisions as written *** without modifications and/or embellishments *** they are without authority to make"; (2) " 'strike' from [his] *** conditional release plan the conditions and/or rules that are inconsistent and in violation of the First Amendment"; (3) direct the Department to "[i]mmediately *** grant [him] internet access" and "permission to purchase" a computer containing software "consistent with [his] current needs," a

cell phone "of his choice," and storage devices; (4) declare *Foucha* to be the "final and conclusive" law with respect to commitment under the Act; (5) direct the Department and Liberty to "tailor" his conditional release plan to his individual needs; (6) declare his fifth amendment right not to self-incriminate; (7) declare his current conditional release plan to be in violation of public policy; (8) declare him to have raised identical issues as those in *Holt*; and (9) enjoin the actions of the Department and Liberty that "contradict, violate and disagree with the [Act]."

¶ 9 On November 17, 2022, the trial court held a hearing on respondent's Verified Petition. Following that hearing, the trial court entered an order (1) striking respondent's Verified Petition "for reasons stated by the Court on the record" and (2) finding that it lacked jurisdiction "due to the current pleading requesting the same relief that is requested in" respondent's pending appeal in case No. 2-22-0102.

¶ 10 Thereafter, the respondent prepared a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017) (governing appeals of TROs), a Rule 307(d) petition, and a memorandum of law in support of his petition. In his proof of service, respondent stated that he had "served and provided" this court, the trial court, and the attorney general with his notice of interlocutory appeal "via U.S. Mail by placing the same in an envelope addressed to the designated business address with postage prepaid and depositing in a U.S. Mailbox." The "Notice of Filing" at the bottom of the proof of service states that the documents were "filed" on November 21, 2022, "in the Second District Appellate Court of Illinois, via U.S. Mail." The State filed a responding memorandum to respondent's petition on December 7, 2022, after receiving an extension of time to file the same.

¶ 11 II. ANALYSIS

¶ 12    At the outset, we note that, prior to filing its responding memorandum, the State moved to dismiss respondent's appeal. The State argued that this court lacked jurisdiction to consider the appeal because respondent failed to comply with Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017), which governs appeals from orders granting or denying TROs. Specifically, the State noted that pursuant to Rule 307(d), "appeals must be initiated by filing a petition in the appellate court 'within two days of the entry or denial of the order from which review is being sought.' " The State further noted that "[w]ithin this same time for filing the petition, a notice of interlocutory appeal must be filed in the circuit court." According to the State, respondent failed to timely file either a Rule 307(d) petition or a notice of appeal. In this regard, the State observed that the trial court's order dismissing respondent's request for a TRO was entered on November 17, 2022. However, respondent did not file his petition in this court until four days later, on November 21, 2022. Further, the State asserted that respondent's notice of appeal "was also two days late." As such, the State reasoned that this court lacked jurisdiction to consider respondent's appeal. On December 2, 2022, this court entered a minute order denying the State's motion. We noted that two days after November 17, 2022, was a Saturday. Pursuant to the statute on statutes, the time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or a holiday, and then it is also excluded. 5 ILCS 70/1.11 (West 2020). Consequently, appellant's Rule 307(d) petition and notice of appeal were due on Monday, November 21, 2022, the date upon which the State represented that they were filed.

¶ 13    In its responding memorandum, the State concedes that it "overlooked that respondent's Rule 307(d) Petition was due on November 21, 2022, not November 19." Nevertheless, the State renews its argument that respondent's appeal should be dismissed because he failed to comply with the rules governing appeals of TROs. Despite representing in its motion to dismiss that

respondent filed his Rule 307(d) petition on November 21, 2022, the State now asserts that this court lacks jurisdiction over respondent's appeal because "it appears" that respondent's Rule 307(d) petition arrived in this court after the two-day deadline expired on November 21, 2022. The State also argues that respondent violated Rule 307(d) by failing to file a timely notice of interlocutory appeal in the trial court. Alternatively, the State contends that this court should dismiss respondent's appeal pursuant to our inherent authority because respondent failed to comply with several non-jurisdictional requirements for a Rule 307(d) petition.

¶ 14    A TRO "is a quick, short-term process that is intended to maintain the *status quo*." *Harper v. Missouri Pacific Railroad Co.*, 264 Ill. App. 3d 238, 243 (1994). Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017) governs the appeals of TROs. *McHenry County Sheriff v. McHenry County Department of Health*, 2020 IL App (2d) 200339, ¶ 20. Rule 307(d)(1) provides in pertinent part as follows:

> "[R]eview of the granting or denial of a temporary restraining order *** shall be by petition filed in the Appellate Court, but notice of interlocutory appeal as provided in paragraph (a) shall also be filed in the circuit court, within the same time frame for filing the petition. The petition shall state the relief requested and the grounds for the relief requested, and shall be filed in the Appellate Court, with proof of personal or e-mail service as provided in Rule 11, within two days of the entry or denial of the order from which review is being sought. An appropriate supporting record shall accompany the petition, which shall include the notice of interlocutory appeal, the temporary restraining order or the proposed temporary restraining order, the complaint, the motion requesting the granting of the temporary restraining order, and any supporting documents or matters of record necessary to the petition." Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017).

Any legal memorandum in support of the petition must be filed within the same two-day time frame. Ill. S. Ct. R. 307(d)(2) (eff. Nov. 1, 2017). The timing requirements of Rule 307(d) are mandatory (see *Harper*, 264 Ill. App. 3d at 246), and an appellant's failure to timely file the necessary documents deprives the reviewing court of jurisdiction to consider the appeal (*Nizamuddin v. Community Education in Excellence, Inc.*, 2013 IL App (2d) 131230, ¶ 6; *Harper*, 264 Ill. App. 3d at 246). Moreover, a party's *pro se* status does not relieve him or her of the burden of complying with the court's rules. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. For the reasons set forth below, we agree with the State that we lack jurisdiction to consider respondent's appeal because he violated Rule 307(d) in several ways.

¶ 15    First, as previously mentioned, Rule 307(d) required respondent to file his notice of interlocutory appeal in this court "within two days of the entry or denial of the order from which review is being sought." Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017); see also *Nizamuddin*, 2013 IL App (2d) 131230, ¶ 6 (noting that although Rule 307(d) does not expressly state that the notice of interlocutory appeal must be filed in the appellate court, the rule has been so interpreted for decades). This court has held that because of the "highly expedited nature" of TRO appeals brought under Rule 307(d), the notice of appeal (and other necessary documents required by the rule) must be actually received by the appropriate court within the time required by the rule. *Nizamuddin*, 2013 IL App (2d) 131230, ¶ 7. As noted earlier, the second day after entry of the trial court's November 17, 2022, order disposing of respondent's Verified Petition was a Saturday. Thus, respondent had until Monday, November 21, 2022, to file his notice of interlocutory appeal and any other necessary documents. Here, defendant submitted an 81-page filing consisting of the proof of service/notice of filing, a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(d), a Rule 307(d) petition, and a memorandum of law in support of his petition. The first

two documents in the packet—the notice of interlocutory appeal and proof of service/notice of filing—are stamped "Received" on November 22, 2022, which is one day *after* the due date. Because respondent failed to timely file his notice of interlocutory appeal, we lack jurisdiction over the appeal. Although the notice of interlocutory appeal and proof of service/notice of filing are also stamped "Filed" on November 21, 2022, they would only have been validly received on that date if the "mailbox rule" contained in Illinois Supreme Court Rule 373 (eff. July 1, 2017) applied. Clearly, as a matter of law, the mailbox rule does not and could not apply. See *Nizamuddin*, 2013 IL App (2d) 131230, ¶¶ 7-11 (holding that the liberal pro-mailing policy of Rule 373 must yield to the expedited requirements of Rule 307(d); therefore, the mailbox rule does not apply to TRO appeals). Thus, the mailbox rule cannot operate to save respondent's appeal.[1]

¶ 16    Second, even if this court had received respondent's notice of interlocutory appeal on or before November 21, 2022, respondent failed to file a timely notice of interlocutory appeal in the

---

[1] At the time *Nizamuddin* was decided, Rule 373 provided in relevant part: "Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing, or the time of delivery to a third-party commercial carrier for delivery to the clerk within three business days, shall be deemed the time of filing." Ill. S. Ct. R. 373 (eff. Dec. 29, 2009). Effective July 1, 2017, the second sentence of Rule 373 was amended to provide: "If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing." Although respondent is self-represented, he is not incarcerated. Thus, even if the mailbox rule applied to TRO appeals, it could not, in its current incarnation, operate to save respondent's appeal.

trial court. As noted above, Rule 307(d)(1) requires the notice of interlocutory appeal to be filed in the trial court "within the same time for filing the petition," *i.e.*, within two days of the entry or denial of the order from which review is being sought. Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017). The notice of interlocutory appeal respondent submitted to the trial court is stamped "Filed" on November 30, 2022, which is nine days after the date it was due. Although respondent's proof of service/notice of filing submitted to this court state that he mailed the notice of interlocutory appeal to the circuit court on November 21, 2022, the mailbox rule does not apply to Rule 307(d) appeals. *Nizamuddin*, 2013 IL App (2d) 131230, ¶¶ 7-11. Consequently, respondent's failure to file a timely notice of appeal in the trial court provides a second basis to conclude that this court lacks jurisdiction to consider respondent's appeal. See *Nizamuddin*, 2013 IL App (2d) 131230, ¶¶ 5-6 (noting that the timely filing of a notice of appeal, in the correct court, is what confers jurisdiction over the appeal).

¶ 17     In short, because respondent failed to timely file the notice of interlocutory appeal in both this court and the trial court, we lack jurisdiction to consider his appeal. In the absence of a timely filed notice of appeal, we must dismiss the appeal. *Huber v. American Accounting Ass'n*, 2014 IL 117923, ¶ 8; see also *Nizamuddin*, 2013 IL App (2d) 131230, ¶ 5 ("The filing of a notice of appeal, in the correct court, is what confers jurisdiction over the appeal.").

¶ 18     Even if our lack of jurisdiction did not bar this appeal, respondent's additional failures to comply with Rule 307(d) support the dismissal of the appeal. First, because we also received respondent's Rule 307(d) petition outside of the two-day deadline, we could not consider the merits of the appeal. *Nizamuddin*, 2013 IL App (2d) 131230, ¶ 12. Second, respondent failed to include in its submission one of the items required by Rule 307(d)—a proof of service by personal or e-mail service. Instead, respondent included only a proof of service by regular mail. This is not a

method of service permitted in an appeal of a TRO under Rule 307(d). See *Nizamuddin*, 2013 IL App (2d) 131230, ¶ 13. Because the proof of service did not meet the requirements of Rule 307(d), respondent's submission was incomplete, thereby violating the rule. Third, a Rule 307(d) petition must be accompanied by "[a]n appropriate supporting record *** which shall include the notice of interlocutory appeal, the temporary restraining order or the proposed temporary restraining order, the complaint, the motion requesting the granting of the temporary restraining order, and any supporting documents or matters of record necessary to the petition." Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017). Although respondent attached some of the necessary documents to his Rule 307(d) petition, others, including a proposed TRO and the trial court's November 17, 2022, order, are not included in the supporting record. Fourth, Illinois Supreme Court Rule 328 (eff. July 1, 2017) requires the supporting record to be paginated and "clearly labeled 'Supporting Record.' " Respondent's supporting record is neither clearly labeled as such nor is it paginated. It is well established that the rules of our supreme court "have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them the appeal will not be entertained." *In re Estate of Meirink*, 11 Ill. 2d 561, 564 (1957).

¶ 19                                    III. CONCLUSION

¶ 20     For the reasons set forth above, we dismiss respondent's appeal for lack of appellate jurisdiction.

¶ 21     Appeal dismissed.